**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4716**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

LA'KEESHA NICOLE KEE,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:13-cr-00169-HEH-3)

_____

Submitted:  September 30, 2015      Decided:  October 19, 2015

_____

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Amy Leigh Austin, LAW OFFICE OF AMY L. AUSTIN, PLLC, Richmond, Virginia, for Appellant.  Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia; Jasmine Hyejung Yoon, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

La'Keesha Nicole Kee was convicted, following a bench trial, of uttering counterfeit federal reserve notes, in violation of 18 U.S.C. § 472 (2012). The district sentenced her to 30 months' imprisonment. On appeal, Kee's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether sufficient evidence supported Kee's conviction and whether the district court adequately explained its rejection of Kee's request for a downward variant sentence.[*]

Counsel first questions the sufficiency of the evidence. We review de novo the denial of a Rule 29 motion for a judgment of acquittal. United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict must be sustained when "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could

---

[*] A restitution issue noted by this court has been resolved on limited remand to the district court.

2

accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (alteration and internal quotation marks omitted).

In order to establish that Kee was guilty of uttering a counterfeit note, the Government was required to prove: (1) that Kee uttered counterfeit money; (2) that she knew the money was counterfeit at the time of the uttering; and (3) that she uttered the counterfeit money with the intent to defraud. United States v. Leftenant, 341 F.3d 338, 347 (4th Cir. 2003). "Fraudulent intent may be inferred from the totality of the circumstances and need not be proven by direct evidence." United States v. Ham, 998 F.2d 1247, 1254 (4th Cir. 1993).

We conclude that sufficient evidence supports Kee's conviction. Kee participated in a counterfeit bill trafficking organization for several months before and after the date of the charged offense; surveillance video showed she purchased items using cash, taking the bill she used to purchase the items from one pocket and depositing her change in a separate pocket; a store manager testified that the only bills that appeared on the video to match the counterfeit bills were those used by Kee and her accomplice; and the bills recovered from the cash register were identified at trial as counterfeit. Moreover, Kee's knowledge and intent could be inferred from her statements and actions shortly before and after her arrest.

3

Counsel next questions whether the district court adequately explained its reasons for rejecting Kee's request for a downward variant sentence. We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first ensure that the district court committed no "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Id.

In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while the district court must consider the statutory factors and explain the sentence, it need not "robotically tick through" every § 3353(a) factor on the record, particularly when the court imposes a sentence within the properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time, the district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit

4

meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

We conclude that the district court adequately explained its reasons for rejecting Kee's request for a downward variance. The court cited Kee's heavy involvement in the counterfeiting conspiracy, her recruitment of others to join the conspiracy, her significant criminal history, and her failure to show remorse for her actions. Therefore, we perceive no procedural error in Kee's sentence.

If a sentence is procedurally reasonable, we then consider whether it is substantively reasonable, "taking into account the totality of the circumstances." Gall, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citations omitted), cert. denied, 135 S. Ct. 421 (2014). After review of the record, we conclude that Kee has failed to rebut the presumed reasonableness of her within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case, and have found no meritorious issues. Accordingly, we affirm the district court's judgment. This court requires

5

that counsel inform Kee, in writing, of the right to petition the Supreme Court of the United States for further review. If Kee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kee.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED